UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:22-cv-00837-JPH-KMB |
| DR. VALLE, et al., | ) |
| Defendants. | ) |
| INDIANA DEPARTMENT OF CORRECTION, | ) |
| Interested Party. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Christopher Michael Johnson, a former inmate at Plainfield Correctional Facility ("Plainfield") in the Indiana Department of Correction ("IDOC") brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging claims of disability discrimination and inadequate medical care. Dkt. 1. Defendants Centurion of Indiana, LLC ("Centurion") and Dr. May (collectively, "Centurion Defendants") have moved for summary judgment arguing that Mr. Johnson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. Dkt. 48. For the following reasons, the Centurion Defendants' motion, dkt. [48], is **GRANTED**, and the action is **DISMISSED WITHOUT PREJUDICE**.

1

# I.
# Standard of Review

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which

it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In this case, the Centurion Defendants have met that burden through their unopposed motion for summary judgment. Mr. Johnson failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. *See* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman,* 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Prison Litigation Reform Act and Exhaustion of Administrative Remedies

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). Here, the substantive law is the PLRA, which requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

3

episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota,* 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Johnson] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

## IV.
## Factual Background

### A. Offender Grievance Process

The IDOC has a standardized offender grievance process. Dkt. 49-1 at 1-2 (Aff. Grievance Specialist Kyle Foster). Each offender is advised of the Offender

4

Grievance Process during admission and orientation at both the IDOC Reception Diagnostic Center and upon arrival at the Plainfield facility. *Id.* at 2-3. A current copy of the IDOC policy is also maintained at the facility law library, and inmates can request a copy at any time. *Id.* at 3. During the relevant period, the grievance process consisted of three steps: (1) submitting a formal grievance following unsuccessful attempts at informal resolutions; (2) submitting a written appeal to the facility Warden/designee; and (3) submitting a written appeal to the IDOC Offender Grievance Manager. *Id.* at 2. Successful exhaustion of the grievance process requires timely pursuing each step or level of the process. *Id.*

An inmate who wishes to submit a formal grievance must submit a completed grievance form (State Form 45471). *Id.* Once a formal grievance is accepted, it is recorded in a computer system and visible on the inmate's grievance history. *Id.* The records maintained by IDOC and Plainfield document when a grievance was filed, the response the inmate received from the facility, how far through the grievance process the inmate pursued his claims, and the ultimate resolution of the grievance. *Id.* at 3.

### B. Mr. Johnson's Participation in the Grievance Process

According to Mr. Foster, Mr. Johnson's grievance history report reflects that he submitted five grievances[1] about his medical care during the relevant period:

---

[1] Mr. Johnson's history indicates that he filed one other formal grievance that was entered into the system on August 10, 2022, Log ID: 143941. Dkt. 49-1 at 25. While Mr. Foster's affidavit does not address this grievance, the record indicates that Mr. Johnson did not file a Step Two appeal.

- **January 18, 2022** (seeking specific nerve pain medications, grievance denied, no Step Two appeal filed);

- **March 11, 2022** (seeking renal diet and morphine, Step Two appeal denied, no Step Three appeal filed);

- **April 15, 2022** (complaining of Gabapentin dosage received on that date, Step Two appeal denied, no Step Three appeal filed);

- **June 24, 2022** (complaining of missed medication doses on that date, no Step Two appeal filed); and

- **July 22, 2022** (complaining of incorrect medication offered to him that he refused to accept from the nurse, subsequently transferred from Plainfield, no appeal filed).

*Id.* at 3-5. Mr. Johnson filed no other grievance forms or appeals related to his medical treatment during his incarceration at Plainfield. *Id.* at 5, 24-25.

### III. Analysis

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes. . . ." *Id.*; *see also Ross v. Blake,* 136 S. Ct. 1850, 1856 (2016) (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust . . .").

The Centurion Defendants have met their burden of proving that Mr. Johnson "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. The undisputed record reflects that Mr. Johnson was aware of the grievance process and submitted grievances on a regular basis, but he did not fully exhaust any grievances alleging that he had received inadequate

6

medical care from the Centurion Defendants before filing this lawsuit. Mr. Johnson has not responded to their motion or otherwise identified a genuine issue of material fact supported by admissible evidence that counters the facts established by Defendants.

In short, Mr. Johnson did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against the Centurion Defendants must be dismissed without prejudice. *Id*; *see also Ford,* 362 F.3d at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the above reasons, the Centurion Defendants' unopposed motion for summary judgment, dkt. [48], is **GRANTED**. The **clerk is directed** to terminate Centurion and Dr. William Mays as defendants. The Court acknowledges that the only remaining defendants, Dr. Valle and Nurse Kokeh, have not joined in the Centurion Defendants' motion but would otherwise be entitled to summary judgment based on the undisputed evidence adduced by the Centurion Defendants. Therefore, pursuant to Federal Rule of Civil Procedure 56(f)(1), the Court gives Mr. Johnson notice of its intent to grant summary judgment to Nurse Kokeh and Dr. Valle and dismiss this action without prejudice. Mr. Johnson **shall have through October 30, 2023** to show cause why final judgment consistent with the above should not issue.

7

**SO ORDERED.**

Date: 10/10/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

CHRISTOPHER M. JOHNSON
270993
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391